STOTTER et v BAUER et

Ohio Appeals, 8th Dist Cuyahoga Co

No. 9555. Decided Nov. 19, 1928.

John A. Cline and Frank A. Silverman, Cleveland, for Stotter, et.

Sol Edgert, Cleveland, for Bauer, et.

**PER CURIAM**

It is not correct, as the trial court stated, that the effect of **Sec. 11713 GC.** is to make the sureties secondarily liable. It is merely designed as an equitable measure for the protection of a surety and to require that execution be first issued against the principal debtor and that such property taken on execution against the principal debtor be first exhausted before any of the property of the sureties be taken.

We conceive the law to be that the surety is primarily liable with the maker of the note. That execution may be issued against both the maker and the surety but under the provision of **Sec. 11713 GC.** it is required that the property of the principal debtor be first exhausted before resort be had to the property of the surety.

No particular harm can result to the holder of the note because if it be found that the property of the principal debtor is not sufficient to satisfy the judgment, resort can be had to the property of the surety.

A careful perusal of the record leads us to the conclusion that the greater weight of the evidence sustains the theory of the plaintiff in error to the effect that they were merely accommodation makers and that Sandor Klinger and Emily Klinger were the principal debtors.

The entire course of dealing between the parties, the use which was made of the $2000.00 advanced by Bauer to Klinger and which Klinger claims to have secured for and in behalf of Oscar and Birdie Stotter, so strengthens the position of plaintiffs in error as to make it almost a compelling conclusion that Sandor and Emily Klinger were the principal makers and that Oscar and Birdie Stotter signed merely as accommodation makers.

The judgment of the Municipal Court will therefore be reversed as manifestly against the weight of the evidence and as contrary to law. Cause remanded for further proceedings according to law.

Sullivan P J, Vickery and Levine JJ, concur.